IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION


FAATIMAH MUHAMMAD
A/K/A  Penny Wildfire,  a member of the
Mennefer Tanasi Native American Tribe
And and Trustee, Urebee Uakara WELLSPRINGS ABUNDANT MINISTRY
TRUST

JURY DEMANDED

V

REGIONS BANK and
CHARLES SHOFFNER


VERIFIED COMPLAINT

1.  **INTRODUCTION**:  Comes now,   Faatimah Muhammad a/k/a  Penny
    Wildfire, a member of the Mennefer Tanasi Native American Tribe and
    Wellsprings Abundant Ministry Trust and files this complaint against
    REGIONS BANK on the basis of contract fraud, tax fraud, foreclosure
    fraud and false filing of proof of claim in the bankruptcy court .


2.  **JURISDICTION:**  Jurisdiction is conferred pursuant to federal question
    pursuant to 28 USCS 1331 and state law claims under 28 USCS 1337, as   .
    The address the subject of this complaint is 414 South Main Street,
    Memphis, TN 38103.

3.  **VENUE:**  Venue is proper in that the occurrences that give rise to this action took place within the State of Tennessee, County of Shelby.

### PARTIES

4.  **FAATIMAH MUHAMMAD a/k/a PENNEY WILDFIRE a member of the** Meenefer Tanasi Native American Tribe  is a resident of the State of Tennessee.  She is the obligor on the initial transaction and the debtor in case no. 18-21373 filed in the United States Bankruptcy Court for the Western District of Tennessee.

5.  **UREBEE UAKARA, Trustee for WELLSPRINGS ABUNDANT MINISTRY TRUST.  Wellsprings Abundant Ministry**  is an active trust in Shelby County, Tennessee .  The trust became the legal owner of 414 South Main Street, Memphis, TN pursuant to a Quitclaim deed filed as recorded as Instrument 2019062800644628 .  The trust is engaged in not for profit  and community enhancement activities.

6.  **REGIONS BANK**  is a national association banking entity authorized to do business in the State of Tennessee.  It is the mortgage servicer and/or owner of the mortgage which is the subject matter of this suit

2

on the real property located at 414 South Main, Memphis, TN  38103.  It is the real party in interest.

7. **CHARLES SHOFFNER** is an individual who list his address at 612 S Main Street, Memphis, TN.   Service of process may be brought against him at said location.

**SPECIFIC FACTUAL ALLEGATIONS**

8.   September 14, 1999, Faatimah Muhammad and Jerry L. Ivery executed a promissory note to Union Planters Bank in the amount of $250,000.00.  The note was signed in the State of Mississippi.  The interest rate was fixed at 8.25% with a maturity date of September 13, 2014.  The note was secured by 414 South Main Street as described in the Deed of Trust securing the loan.  ( Attached hereto as **Exhibit "A"** is the promissory note).

9. The land deed of trust, attached hereto as **Exhibit "B"** identified the initial sum of $250,000.00 as the principal amount.   Paragraph  6 of the land deed of trust provided that any sums advanced by the secured party for insurance, taxes, repairs or construction as provided in Paragraph 3, 4, and 5 shall be secured by the deed of trust as advances

made to protect the Property and shall be payable by Debtor to Secured Party, with interest at the rate specified in the note representing the primary indebtedness within thirty days following written demand for payment sent by Secured Party to Debtor by certified mail.

10. On or about November 20, 2005 , the plaintiffs and the defendant entered into a modification agreement attached hereto as **Exhibit C.** [1] The modification agreement at Paragraph 1 provided that the Bank and the Borrower acknowledge and agree that the current principal balance evidenced by the note was $188,916,49.

11. Paragraph 4 of the Modification agreement provides that all payments, including any prepayments would be applied first to accrued interest due on the Note, then to the payment of the principal of the Note, then to the payment of any sums other than principal or interest which are secured by the Deed of Trust.

12. Paragraph 12 of the modification agreement provided that in the event of default hereunder, Borrower shall indemnify the Bank against all reasonable costs and expenses

---

[1] All delinquent payments included interest payments.

( including without limitation, reasonable attorney fees and legal fees, cost and expenses, and including costs of attending and preparing for depositions and other court proceedings) of whatsoever kind or nature incurred by the Bank in connection with or relating to the collection, enforcement and/or administration of the Note and any of the Loan Documents or the protection of the Bank's rights in the Property and collateral covered herein or in any Loan Document.  After  a disagreement over past due payments, Regions Bank sought to foreclose upon the property.

13.  In order to forestall foreclosure, the plaintiff brought litigation in Chancery Court in case 16-1660 .  The defendant received an order of summary judgment and was awarded dismissal of the case.   The Court did not determine the amount that was actually due to Regions Bank.

14. Thereafter the plaintiff, Faatimah Muhammad filed a Chapter 13 bankruptcy, identified as case no. 18-30069.   The defendants on January 3, 2018 filed in the United States Bankruptcy Court their proof of claim.  They listed the amount owed in the proof of claim as $305,287.71 attached hereto as **Exhibit D.**

15.  According to the records of the defendant filed in the bankruptcy case , the plaintiff tendered over $257,058.84 in interest payments . Attached to the proof of claim was an itemization of interest, fees and expenses required by Bankruptcy Rule 3001(c)(2)(A).  The amount claimed as of 1/3/19 was listed as $305,287.71.  The bankruptcy was subsequently dismissed.

16. Thereafter the plaintiff filed a  complaint to restrict and prohibit foreclosure for damages and legal equitable relief on August 9, 2019 identified herein as case no. 19-1109-3.  The plaintiff was required to place a $5000.00 bond with the Chancery Court Clerk to proceed with the litigation.

17. The defendant responded on August 23, 2019 that the updated loan history with details of interest and tax advances to the loan up to 8/14/19.  Attached hereto as **Exhibit E** is the Response in Opposition  At that time the defendant asserted that the plaintiff owed in excess of $367,562.00 inclusive of principal, interest, fees, taxes and attorney fees. This amount represented a difference of $62,274.29 from the amount claimed in Bankruptcy Court over a period of eight (8) months.   The plaintiff contends that over $62,274.29  has been added to the debt in less than a year for a property in which the principal amount actually owed was $98,994.73.

18.  The Chancery Court of Shelby County ( case no 19-1109-1) ruled that the
amount owed to Regions Bank, based upon the record of Regions Bank
was $367,562.00.   The in rem decision of the Chancery Court entered
on October 8, 2019 was  that  Regions Bank was no longer restrained
from auctioning, selling, foreclosing, advertising or otherwise disposing
of the Plaintiff's interest or the interest of any other party in the real
property located at 414 S. Main Street, Memphis, TN.

19.   It was discovered that despite paying over approximately  257,058.00
in interest, that Regions Bank,  failed to report the interest payments
made by the plaintiffs.

20. On or about November 8, 2019,   Regions Bank foreclosed upon the
property herein identified as  414 South Main Street, Memphis,
Tennessee.   The bidding process began at $300,000.00 despite earlier
request by the plaintiffs to purchase the property at $300,000.00
through a third party financing.    The property was purchased by
**CHARLES SHOFFNER** at the foreclosure auction  to Charles Shoffner for
$510,000.00.

21. On or about December 19, 2019, after waiting for an accounting after
the foreclosure sale, the plaintiff, Faatimah Muhammad submitted an

email requesting an accounting of the fees and detailing the net payout  to Doug Alrutz, attorney for Regions Bank.   On December 20, 2019, Doug Alrutz submitted the following:

Payoff to Regions Bank as $383,537.35

$12,000.00 --------------------------- Tranzon Asset Advisors

$12,604.65--------------------------  Wyatt, Tarrant & Combs

( Oct/Nov fees & expenses)

$26,805.09---------------------------Center City Revenue Corp

$   500.00---------------------------- Fee for agreed resolution

Total Additional Charges : $51,909.74.

Total Proceeds Payable to Wellsprings Abundant Trust:

$74,552.91.  ( See **Exhibit " F"** email from Doug Alrutz).


22.  Regions Bank further represented that the calculation was contingent on confirmation that the CCDC debt had not increased since the payoff was provided and was continent on no protracted negotiations on a consent order of Dismissal of the Wellsprings case against Regions. After numerous interchanges regarding the $5000.00 bond held, Regions Bank agreed to release the $5000.00.


23. As of this date, Regions Bank has not released the surplage and threatens to withhold the proceeds in contravention of the deed of

trust which provides that from the proceeds of the sale Trustee shall first pay all costs of the sale including reasonable compensation to the Trustee, then the indebtedness due Secured Party by the Debtor, including accrued interest and attorney fees due for collection of the debt, and then lastly, any balance remaining to Debtor.

24. Charles Shoffner was the last bid at the foreclosure sale.   The next door neighbor of Faatimah Muhammad is Ephraim Urevbu.  He resides at 410  South Main Street, Memphis, Tennessee.   Mr. Urevbu has a doorway that exits onto the stairwell of the subject property at the top of the stairwell.  Mr. Urevbu does not have lawful right to the ingress or egress of the stairwell.

25.  On or before November 12, 2019,   the property foreclosed upon was vandalized.  The portion of the property vandalized was the loft in which Faatimah Muhammad resided.    The property entrance to the loft was secured by an  iron wrought door to the stairwell.   The wooden entry door at the top of the stairs was at the top of 32 steps.

26.  The iron wrought door and the interior door were broken into. ( Attached hereto as  are the pictures of the stairwell, iron wrought door, and wooden door as  **Exhibit G)**  .

27. Tim Edwards , home constructionist was hired  to repair the damage. As he was repairing the damage,  Ephraim Urevbu, the plaintiff's next door neighbor represented that the new owner entered the residence of Faatimah Muhammad.   It was known to Regions Bank and Charles Shoffner that Faatimah Muhammad resided didn the upstairs loft. There was no other entry point broken.

( Attached is the affidavit of Tim Edwards and Faatimah Muhammad as **Exhibit H).**

28. Neither Faatimah Muhammad nor Jerry Ivery received any legal process from Charles Shoffner for an unlawful  detainer warrant prior to the entry onto the property.

29. On or about December 16, 2019, Charles Shoffer  signed and notarized and Notice  to Vacate and submitted same to Faatimah Muhammad through U.S. postage mail. ( Attached hereto as **Exhibit  I** is the Notice to Vacate).

**CAUSE OF ACTION**

**REGIONS BANK**
**COUNT I**
**BREACH OF CONTRACT**

30. The plaintiffs restate paragraph 1-29  as if fully copied herein.

31. With the origination of the loan, Union Planters Bank,  later merged with Regions Bank, provided  the plaintiffs with promissory notes which served as the contract between the plaintiff and Regions Bank,   The loan modification agreement entered into between the plaintiffs and Regions Bank became a part of the original contract.

32. Although these notes do not contain any provision specifically governing the manner in which Regions Bank  would report mortgage interest to plaintiffs, it is an implicit term of each such contract that Regions Bank (Union Planters Bank) will abide by its legal duty to provide accurate Forms 1098 as required by 26 USCS Section 6050H. This implicit term of the note is material to borrowers because of the tax deductibility of mortgage interest and so they can carry out their legal obligations to file their taxes accurately.

33.  Regions Bank has continually breached this implied contractual term by failing to accurately report interest payments " received" by it as required by Section 6050H and the definition of interest under 26 USCS 163(a) from the inception of the loan until the current date..

34. Regions Bank breached the contract to tender the residuals of the sale according to the Contract and as such has damaged the plaintiff.  As a

result of Regions' breach of the implicit term of its notes, plaintiffs have been damaged as set forth in the paragraph marked damages.

### COUNT II
### REGIONS BANK
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

35.  The plaintiff restates paragraphs 1-34 as if fully copied herein.

36. In every contract, the parties have a duty to act in good faith and deal with each other fairly.   At the time of entering into the loan modification agreements with plaintiffs, Regions Bank was already in a contractual relationship with the plaintiff consisting of the original agreement. As such, Regions Bank had such a duty to act in good faith with respect to plaintiffs.  This included the duty to not to conceal and or fully and unambiguously disclose to plaintiffs that as a consequence of agreeing to Regions' loan modification agreement would be that Regions would "convert" all of their deferred and/or unpaid interest into " principal, " and that as a result they would lose forever the opportunity to deduct that interest when it was paid.  The  actions of the defendants were continuous from the date of the modification agreement until the current date.

37. Regions breached the implied covenant of good faith and fair dealings by failing to report to the IRS payments of deferred and unpaid interest it received from Plaintiffs consistent with the IRS regulations and guidelines.   This inaccurate reporting deprived the Plaintiffs of significant tax deductions.

38. Regions breached the implied covenant of good faith and fair dealings by inaccurately reporting  the fees as it relates specifically to the payoff amount,  marketing services, appraisal and inspections, attorney fees, taxes and other costs.  This action has been continuous and ongoing until the current date.

39. Regions breached the implied covenant of good faith and fair dealings by failing to timely tender the surplus of the sale conducted October, 2019 and in continuing to hold the proceeds.

40.     Regions breached the implied covenant of good faith and fair dealing by the implementation of its accounting procedure that resulted in the fraudulent debt represented as owed, as well as the exorbitant attorney fees and other costs.  It is further alleged that Regions acted intentionally and with knowledge  that its reporting policies were in violation of law and took its actions notwithstanding

that knowledge so as to maximize its own profits and avoid conflict with its borrowers and the IRS and in its accounting procedures.

41. Regions committed its wrongful acts intentionally and with knowledge of the harm it was doing  to consumers and in a manner shocking to the conscience so punitive damages should be assessed against Regions.

**COUNT III**
**REGIONS BANK**
**FRAUD**

42. The plaintiff restates paragraph 1-41 as if fully copied herein.

43. The actions of fraud of Regions Bank relates specifically to  (a) accounting practices, (b)  cost imposed  with marketing, attorney fees, inspections and appraisals for purposes of increasing the amount owed, (c)  fraud in all its forms, disclosures and communications to the plaintiffs regarding the benefits of a loan modification,  (d)  fraud in the failure to  disclose to the plaintiffs that if they obtain a loan modification that they will lose  hundreds of thousands of dollars as a result of Region's capitalization of the unpaid interest that has been incorporated into the New Principal Balance of the modified loan(e) fraud in  the denial of tax deductions  interest paid by continually failing

to submit Form 1098, (f)  fraud in the oppressive and continual increase of fees owed after the auction of the property netted more than the amount owed; (g)  fraud in retaining all funds contingent upon the plaintiffs signing a consent order of dismissal of a state law claim in which the defendant fraudulent represented the amount of funds owed  and (h) fraud upon the state and bankruptcy court.

44.     As alleged, Regions knowingly and intentionally concealed from plaintiffs that as a consequence of proceeding with their loan modification would be that Regions would continuously convert all deferred and unpaid interest into " principal" and that Regions would continue to not report that interest on the borrower's Form 1098 when it was repaid.  Regions intentionally  concealed its policy from its borrowers for its own benefit as alleged previously.  The information Regions concealed was material to plaintiffs in that had they known the true facts, they would have acted differently than they did.

45. Regions further misrepresented from the date of the modification to the current date the amount of principal and interest owed.

46. Regions misrepresented that  Regions was not and is not currently under a legal duty pursuant to 42 USCS 6050H to report accurately all the interest Regions received during each calendar year and it was

further under a duty to correct any mistake on Form 1098 as soon as possible after determining that a wrong amount had been reported.

47. Regions knew that concealment of the facts relating to its wrongful interest reporting would be relied upon by the plaintiffs.

48.    Plaintiff did not know about Regions past and current  improper and illegal reporting.  The plaintiff contends that all interest not reported as income by Regions Bank and as a proper deduction on Form 1098 should have been recaptured and reduced the debt.

49.As a direct and proximate result of the multiple concealments , the Plaintiffs have suffered and been damaged in an amount according to proof but no less than the amount of the deductions denied to the Plaintiffs.

50.  Regions fraudulent concealment was undertaken with a conscious disregard of its effect on plaintiffs and in a manner shocking to the conscience such that punitive damages should be awarded.

51. Moreover Regions knew that the plaintiff relied upon their superior position and that their reliance on their deductions for expenses and

cost, as well as the retainment of funds tendered after foreclosure, and their failure to file form 1098 for over 20 plus years.

## COUNT IV
## 26 USCS 6050H

52. The plaintiffs restate paragraphs 1-51 as if fully copied herein.

53. Plaintiffs assert that there exist an implied private right of action to enforce the terms of 26 USCS 6050H under the test established in Cort v Ash, 422 US 66, 78 (1975).

54. To the extent  an implied private right of action exist on behalf of a borrower to enforce the terms of 26 USCS 6050H against a lender, Plaintiff alleges as follows:

55. Regions had a duty to accurately report to the IRS the amount of mortgage interest Plaintiff paid to it under 26 USCS  6050H.  Regions breached this duty by failing to report payments of deferred interest on the Form 1098s it issued to its borrowers, including plaintiff.

56. As a proximate result of Regions breach of its statutory duty as herein alleged, plaintiffs have been harmed and deprived of their ability to

accurately report to the IRS the full amount of their mortgage interest

deductions and are entitled to equitable relief to remedy their situation.

## COUNT V
## FALSE BANKRUPTCY CLAIM

57.  The plaintiffs restates paragraphs 1-56 as if fully copied herein.

58.  The plaintiffs herein state that the defendants filed a false proof of claim

on January 3, 2019 in Case NO. 18-30068 attached hereto as Exhibit D.  The

defendants represented that the amount of the claim was $305,287.71 and

the value of the property as $350,000.00.  Both representations were false.

The defendants attached a spreadsheet detailing the payment, late fees,

interest, and advances from 1999 - 2015.  The accounting submitted by the

defendant was incomplete, false and designed to mislead the Court.

## COUNT VI
## 42 USCS 1981

59.  The plaintiff restate paragraph 1-58 as if fully copied herein

60.  The plaintiff, Faatimah Muhammad a/k/a  Penny Wildfire,  a member of the Mennefer Tanasi Native American Tribe asserts that based upon her status as indigenous Indian that she has been denied her civil rights to own property as that of white citizens similary situated.

61.   That the acts of the Defendant, Regions Bank has been ongoing, continuous and hostile from 1999 to the present date.   That the false accounting, failure to report the interest paid on the loan to the IRS and denying them tax deductions by their actions to submit the 1098  for reporting on Schedule  E as required by law, reporting false and exorbitant charges to the United States Bankruptcy Court in the form of a false Proof of Claim,  false statement of value due,  the reporting of false and exorbitant charges to the Chancery Court of Shelby County, Tennessee, the withholding of the surplus, the wrongful taking of the property and the denial of wealth accumulation as a result of the denial of interest deductions.   Said actions have been continuous and ongoing.

62.   The acts of the defendants have been in violation of 42 USCS 1981 as amended.

63.  The plaintiffs individually and collectively seek injunctive relief and damages in the amount of 10 million as compensatory damages and 50 million as punitive damages.

## COUNT VII
## DECLARATORY JUDGMENT

64  The plaintiffs seek a declaratory judgment pursuant to  that Regions Bank has a federal statutory duty to issue 1098 to all of mortgage customers pursuant to law without regard to race, ethnicity, sex, age, disability in support the Plaintiffs assert the following.

65.   That Regions Bank has openly, defiantly, intentionally and fraudulently failed to comply with federal tax law as it relates to mortgage held by indigenous persons and/or African Americans.    That the actions of Regions Bank has been intentionally and as such, the real estate market for the plaintiffs and others similarly situation is hostile and oppressive.

66.   The plaintiffs seek a declaratory judgment that the actions of Regions Bank is a violation of federal law and regulations, more specifically  the inclusion of interest as principal, the capitalization of interest and the intentional failure to file 1098 interest payments to the IRS.

67.  A declaratory judgent is necessary to immediately resolve the issue as to whether Regions Bank is correctly reporting mortgage interest payments on Form 1098 and whether Regions Bank should be required to provide corrected 1098 forms to Faatimah Muhammad and Jerry Ivery for all years in which its policies did not conform to law.

68.   Without such a declaratory judgment, plaintiffs and the class members will have no way of properly reporting their payments of mortgage interest to the IRS in their tax returns and cannot correct previous omissions caused by Regions Bank.

69.  Wherefore declaratory relief is necessary and proper in this matter.


**COUNT VIII**
**UNLAWFUL TRESPASS**

70.  .  The plaintiffs restate paragraphs 1 -69  as if fully stated herein.

71.  It is believed that  on or about November 12, 2019, Charles Shoffner, and/or his agent,  after purchasing the property at the foreclosure sale for the amount of $510,000.00 proceeded to enter the property identified as 120

Huling without obtaining a proper unlawful detainer warrant pursuant to TN Code Annotated .

69.  Charles Shoffner, and/or agent,  obtained access to the property identified as 410 South Main #201 by obtaining egress onto the stairwell landing of said property and bursting into the door of the property occupied by Faatimah Muhammad, prior owners.

70.  Charles Shoffner, and/or agent,  exited the property by kicking the iron wrought door outward.  The property was left open .  The plaintiff, Faatimah Muhammad returned to the property identified as 120 Huling and found the outside door damage and open.   The inside doorway was damaged and left open.

71.  It is believed that  Charles Shoffner, and/or agent,  committed this act without obtaining a warrant for unlawful detainer  in contravention of  120 Huling.   As a result of the actions of Charles Shoffner, and/or agent,  the plaintiff suffered theft of property and extreme mental, emotional anguish by placing her in fear of her person  and property.

72.  It is believed that Charles Shoffner, and/or agent, acted in a gangster/mob manner and took this action to cause the plaintiff undue fear .  As a result of

the actions of Charles Shoffner or others acting on his behalf, the plaintiff suffered damages in the amount of $500,000.00.  The plaintiff also seek punitive damages for the actions of Charles Shoffner.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74.  The plaintiff restates paragraphs 1 -73 as if fully copied herein

On November 12, 2019,  as a result of the actions of Charles Shoffner or those acting on his behalf, the property possessed by the plaintiff, Faatimah Muhammad was vandalized.

75.  The plaintiff was placed in extreme fear of her life  and seeks a finding of the intentional infliction of emotional distress.    The plaintiff seeks damages in the amount of $500,000.00 and punitive damages in the amount of 1.5 million dollars.

## COUNT X
## CONSPIRACY

76.  The plaintiff restate paragraphs 1 75. as if fully copied herein.

77.   The defendant Regions Bank and the defendant Charles Shoffner acted jointly to effectuate an unlawful taking of the property without just compensation  and in violation of the contract and statutory provisions identified herein as 414 Main Street and 120 Huling Avenue.

78.  That Regions Bank  wrongfully foreclosed upon the property,  engaged in false and unreasonable charges, fraudulent  accounting proceedings, withholding of surplage based upon false contingencies.

79.  Charles Shoffner, and/or agents utilized mob like actions to force the plaintiff from her home be vandalizing and destroying the security of the home without obtaining a detainer warrant according to law.

80.  That Regions Bank and Charles Shoffner acted in furtherance of the conspiracy to effectuate a wrongful taking of the property and to place the plaintiff in economic fear, fear of her person and property.

8 1.  As a result of the actions of the defendant, the plaintiff seeks injunctive relief to stop any actions of possession pending the disposition of the action and for permanent injunctive relief to set aside the act of foreclosure.   In addition, the plaintiff seeks damages in the amount of 15 million dollars.

**PRAYER FOR RELIEF**

1.    WHEREFORE, plaintiffs pray for judgement and injunctive and equitable relief against **REGIONS BANK AND CHARLES SHOFFNER**  as follows:

Regions Bank

(a)  A judicial declaration that Regions Bank has committed the violations alleged herein

(b) For general and special damages in an amount to be proven at time of trial, including but not limited to accountancy fees necessary to amend their tax returns and/or to determine the value of any lost deductions, and the value of the lost deductions;

(c) For punitive or exemplary damages on all cause of action where appropriate;

(d) For actual damages for fear, anxiety, stress, embarrassment in the amount of $15 million dollars.

(e) For an order enjoining Regions from issuing any IRS Forms 1098's that not account for its receipt of unpaid or deferred interest received from and that Regions be compelled to issue corrected  1098 forms to the plaintiffs for all years in which it has done so wrongfully and for which there  is still sufficient time for the plaintiffs to amend their tax returns for that year.  For those years in which  the plaintiffs have not been able to amend their tax returns, the plaintiff sees a return of interest for all years relevant.   Plaintiff further request that as a part of its equitable powers, the Court order Regions to pay for the accounting fees necessary for the plaintiffs to amend their tax returns should they wish to do so.

(f) An order in equity ( if no damages are awarded) requiring Regions to pay any accountancy  expenses necessary to determine if they lost money as a result of the Regions mis-reporting of mortgage interest on their Form 1098.

(g) Set aside the foreclosure of the property herein identified

(h) Prejudgment interest at the legal rate

(i) Attorney fees

(j) Cost of suit, including expert witness fees and costs, herein incurred.

(k) For such other and further relief as this Court deems proper and just.


## JURY TRIAL DEMANDED

The plaintiff and all those similarly situated hereby demand a trial by jury for all issues so triable, including all of Plaintiff's claims and any affirmative defenses that may be asserted herein .




**CHARLES  SHOFFNER**


B.  The plaintiff seeks actual damages in the amount of $500.000.00  and punitive damages in the amount of $15  million dollars.

(i)  Prejudgment interest at the legal rate

(ii)  Attorney fees

(iii)  Cost of suit, including expert witness fees and costs, herein incurred.

(iv)   For such other and further relief as this Court deems proper and just.

## **<u>JURY TRIAL DEMANDED</u>**

The plaintiff and all those similarly situated hereby demand a trial by jury for all issues so triable, including all of Plaintiff's claims and any affirmative defenses that may be asserted herein .

/s/Wanda Abioto
10345 D'Iberville Blvd
D'Iberville, MS  39504
503-597-8491
abiotolaw@gmail.com
office@abiotolaw.com
MSB  8156